## DRILL CONSTRUCTION COMPANY, RESPONDENT, v. LOUIS ROSENTHAL, APPELLANT.

Decided August 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Richard J. Fitz Maurice.*

For the respondent, *Philip J. Schotland.*

PER CURIAM.

The plaintiff brought suit to recover from the defendant moneys due to it, for labor and materials furnished by it at the Colonial Theatre, in Orange, which was owned by the Bieber Amusement Company, of which the defendant was president. The trial resulted in a verdict in favor of the plaintiff, and the defendant has appealed from the judgment thereon.

It appeared in the proofs submitted by the plaintiff that on the 3d of September, 1929, the Drill Construction Company sent to the defendant Rosenthal the following letter: "Mr. Louis Rosenthal, 4 Main street, Orange, N. J. Dear Sir: We propose to do the following work at the Colonial Theatre, Orange, N. J.: [then follows an itemized statement of the various repairs and construction work proposed to be done].

We will do this work at cost plus ten per cent. for overhead and ten per cent. for profit, with the understanding that the final cost will not exceed $4,405. Very truly yours, Drill Construction Company, per Max Drill." This letter was endorsed by Louis Rosenthal as follows: "O. K., Louis Rosenthal." It is conceded that the plaintiff did all the work and furnished all the materials specified in this letter, and that when it demanded payment from Rosenthal, such payment was refused by him.

The first ground urged as a reason for reversal is that the trial court erred in holding that the paper above recited was a contract. We consider that there was no error in so holding. The paper is an offer specifying in detail everything proposed by the plaintiff to be done, and the price for doing it, and an unrestricted acceptance of that offer by the defendant. There is no suggestion in the case that a further writing was contemplated by the parties, and no such writing was necessary in order to indicate with exactness their respective obligations.

The only other ground urged for a reversal is that the court erred in refusing to allow evidence to show that the contract was not a contract of Rosenthal himself but of the corporation of which he was president. We think the court committed no error in refusing to admit such evidence. The fact that Rosenthal, the person to whom the offer was made and who personally accepted it, was not the owner of the premises but was the president of the corporate owner, is immaterial. As was stated in the case of *Sadler* v. *Young,* 78 *N. J. L.* 594, an agent who contracts in such form as to make himself personally responsible cannot afterward relieve himself from that responsibility. The evidence attempted to be introduced was offered for the purpose of showing that Rosenthal acted as the agent of the Bieber Amusement Company and not as a principal in making the contract. In the Sadler case it was held that where the body of the contract provides that the defendant (who in that case also was president of the corporation) shall pay the plaintiff's commission, and it is signed by him personally and not as agent or rep-

resentative of the corporation, he is personally obligated to perform the contract. The purpose of the testimony sought to be introduced was to vary the terms of a contract between the parties to it by showing that it was not the obligation of one of the parties who signed it. As was held in the case of *Naumberg* v. *Young,* 44 *Id.* 331, where parties have put their contract in writing, the written contract shall be the only evidence of the contract as finally concluded, and oral testimony will not be admitted to contradict it.

For the reasons indicated the judgment under review will be affirmed.